**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 16-1369**

—————

PARIS AVERY,

              Plaintiff – Appellant,

       v.

CHRISTINE WILSON, in her individual capacity,

              Defendant – Appellee,

       and

ANGELA MARIE MCCALL-TANNER, in her individual capacity;
DEMETRA GARVIN, in her individual capacity; THE ESTATE OF
CORONER CURT COPELAND, in his individual capacity,

              Defendants.

—————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Margaret B. Seymour, Senior District
Judge.  (9:14-cv-00037-MBS)

—————

Submitted:  November 17, 2016      Decided:  December 12, 2016

—————

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C.,
Columbia, South Carolina; E. Charles Grose, Jr., Greenwood, South

Carolina, for Appellant.  Mary Bass Lohr, HOWELL, GIBSON & HUGHES, P.A., Beaufort, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paris Avery appeals the district court's order adopting the magistrate judge's recommendation to grant Defendants' motions for summary judgment in Avery's 42 U.S.C. § 1983 (2012) action. On appeal, Avery challenges the court's order only as it relates to her malicious prosecution claim against Defendant Christine Wilson. Because Avery does not challenge the court's findings as to the remaining defendants or her failure to state a civil conspiracy claim, she has waived appellate review of those issues. See Fed. R. App. P. 28(a)(8)(A); United States v. Bartko, 728 F.3d 327, 335 (4th Cir. 2013).

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (internal quotation marks omitted). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Id. Here, whether Wilson violated Avery's constitutional rights depends on whether she had probable cause to arrest Avery. Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002).

Our review of the record reveals that probable cause existed at the time of Avery's arrest. Accordingly, we affirm the district

3

court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

                                                        AFFIRMED